# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LAURA L. DANIEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:12-CV-503-VEH** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

---

## <u>MEMORANDUM OPINION</u>[1]

Plaintiff Laura L. Daniel ("Ms. Daniel") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for Disability Insurance Benefits ("DIB"). Ms. Daniel timely pursued and exhausted her administrative remedies

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on September 16, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

Ms. Daniel was 49 years old at the time of her hearing before the Administrative Law Judge ("ALJ"). *See* Tr. 224. She has completed three years of college. Tr. 221. Her past work experience includes employment as a social worker. Tr. 217. She claims she became disabled on January 2, 2004. Tr. 216.  Her last period of work ended on that same date. *Id.*

On June 12, 2007, Ms. Daniel filed a Title II application for a period of disability and DIB. Tr. 12. On August 24, 2007, the Commissioner initially denied these claims. *Id.* Ms. Daniel timely filed a written request for a hearing on October 16, 2007. *Id.* The ALJ conducted a hearing on the matter on June 2, 2009. *Id.* On December 4, 2009, he issued his opinion concluding Ms. Daniel was not disabled and denying her benefits. Tr. 17.  She timely petitioned the Appeals Council to review the decision on February 2, 2010. Tr. 7-8. On December 12, 2011, the Appeals Council issued a denial of review on her claim. Tr. 1.

Ms. Daniel filed a Complaint with this court on February 9, 2012, seeking review of the Commissioner's determination.  Doc. 1. The Commissioner answered on June 11, 2012. Doc. 6. With the parties having fully briefed the matter, the court

has carefully considered the record and reverses the decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether the claimant has a severe impairment;

---

[2]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record, the ALJ made the following findings:

1.      Ms. Daniel last met the insured status requirements of the Social Security Act on June 30, 2007.

2.      She had not engaged in substantial gainful activity during the period from her alleged onset date of January 2, 2004, through her date last insured of June 30, 2007.

5

3.      She had the following severe impairments: chronic pain disorder and degenerative disc disease of the cervical spine.

4.      Through the date last insured, she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.      Through the date last insured, she had the residual functioning capacity ("RFC") to perform the full range of sedentary work.

6.      Through the date last insured, she was able to perform her past relevant work as a case manager/state welfare.

7.      She had not been under a disability, as defined in the Social Security Act, at any time from January 2, 2004, through June 30, 2007.

Tr. 13-17.

## ANALYSIS

### I.      Introduction

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[3] However, the court "abstains   from reweighing the evidence or

_____

[3]*Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former

6

substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Ms. Daniel urges this court to reverse the Commissioner's decision to deny her benefits on three grounds: (1) the ALJ erred when he failed to address her fibromyalgia; (2) the ALJ gave legally inadequate reasons for discrediting her self-evaluation; and (3) the ALJ erred in the weight he accorded to the opinions of Drs. Curtis, Straaton, and Rogers. *See* Doc. 8 at 1. As the court agrees with Ms. Daniel's first objection – and finds that it merits remand – the court will not address the others.

## II.   The ALJ reversibly erred in failing to address Ms. Daniel's documented fibromyalgia.

Ms. Daniel persuasively argues that the ALJ erred in failing to mention – much less evaluate – her fibromyalgia. She highlights that she mentioned the illness at her hearing. Doc. 8 at 6. And the record reflects her medical diagnosis of fibromyalgia at several points:

- In a "follow-up note" dated September 3, 2009, Dr. Jeffrey R. Curtis, M.D., Ms. Daniel's treating rheumatologist, stated that fibromyalgia was "the dominant feature of her ongoing symptoms."

- In a letter dated November 11, 2009, Dr. Karin Straaton, M.D., Ms. Daniel's consultative rheumatologist, stated, "High levels of incapacitating pain seem most consistent with a chronic myofacial pain syndrome or fibromyalgia."

- Dr. Straaton also concluded in that letter, "I feel that the major

---

Fifth Circuit handed down prior to October 1, 1981).

> incapacitating conditions of this patient are chronic myofascial pain syndrome, fibromyalgia, and episodes of memory loss. The onset of these symptoms dates back to 2005."

Tr. 317, 353. In his opinion, however, the ALJ does not reference fibromyalgia at all – neither by itself nor in combination with her other impairments. He simply does not acknowledge the illness's existence.

This is reversible error. An ALJ must "consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less." *Hill v. Barnhart*, No. 1:06-CV-0133-BBM-RGV, 2007 WL 438161, at \*11 (N.D. Ga. Jan. 16, 2007) (citing 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 416.920(a), 416.923, 416.945). This is because "where . . . a claimant has alleged a multitude of impairments, a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling." *Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir.1984). The court cannot conduct a meaningful review of the ALJ's decision to see if it is supported by substantial evidence when the ALJ has not considered all of the relevant evidence. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.") (citations omitted). Here, Ms. Daniel had a medically-determinable impairment, and it plausibly affected her

functional capacity. The ALJ was thus obligated to assess it.

The Commissioner is unconvincing in attempting to excuse this omission. She first maintains that none of Ms. Daniel's physicians "definitively" diagnosed her with fibromyalgia during the "relevant period" when she was required to prove her disability. Doc. 10 at 17. That is, none of them mentioned fibromyalgia in their records from January 2, 2004, the alleged disability onset date, through June 30, 2007, when Ms. Daniel was last insured. While this claim is superficially appealing, it ignores the fact that Dr. Straaton, a specialist in this arena,[4] opined that Ms. Daniel's fibromyalgia began in 2005. Tr. 353.

The Commissioner next argues that the ALJ adequately addressed Ms. Daniel's fibromyalgia in his discussion of her chronic pain disorder. Doc. 10 at 18. The ALJ identified this illness as a severe impairment because Dr. Jon G. Rogers, Ph. D., diagnosed her with it after psychological examination. Tr. 13, 256. Chronic pain disorder is, of course, not identical to fibromyalgia, and ALJ's do not generally treat it as such. *See, e.g*, *Williams v. Astrue*, No. 5:07-CV-110-OC-10GRJ, 2008 WL 4456460, at *9 (M.D. Fla. Sept. 30, 2008) ("The ALJ determined that claimant suffers

---

[4]As a rheumatologist, Dr. Straaton "is a specialist in the diagnosis and treatment of rheumatic diseases, including fibromyalgia," and her opinion is thus due special deference when discussing this illness. *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 65 n.13 (11th Cir. 2010) (unpublished).

from a somatization disorder and dysthymic disorder, rule[d] out an obsessive compulsive personality disorder, a chronic pain disorder with both psychological factors and a general medical condition, a large lipoma on his neck, and a history of a diagnosis of fibromyalgia."). The Commissioner instead suggests that the ALJ accounted for any limitations posed by Ms. Daniel's fibromyalgia on her functional capacity when he evaluated her fibromayalgia. Doc. 10 at 18 (citing *Preston v. Astrue*, No. 3:08-cv-991-j-TEM, 2010 WL 1002649, at *4 n.3 (M.D. Fla. Mar. 18, 2010); *Taylor v. Astrue*, No. 8:08-cv-550-T-TBM, 2009 WL 799445, at *4 (M.D. Fla. Mar. 24, 2009)).

The court does not find this argument persuasive. The Eleventh Circuit has recognized the unique nature of fibromyalgia. In *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (per curiam), it observed that fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Id.* at 1211. The "hallmark" of this illness is thus "a lack of objective evidence." *Id.* Because of this fact, "the lack of objective clinical findings is, at least in the case of fibromyalgia, therefore insufficient alone to support an ALJ's rejection of a treating physician's opinion as to the claimant's functional limitations." *Somogy*, 366 F. App'x at 64 (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 105-08 (2d Cir. 2003)) (footnote omitted). Indeed, "[g]iven the nature of fibromyalgia, a claimant's

subjective complaints of pain are often the only means of determining the severity of a patient's condition and the functional limitations caused thereby." *Id.* (citation omitted). Due to the singular nature of fibromyalgia – as well as the unusual method by which it is substantiated and assessed – the court finds that the ALJ had a responsibility to specifically address the illness in this case.

The Commissioner finally contends that the ALJ's omission was justified under Social Security Ruling ("SSR") 12-2p. Doc. 10 at 19. Under this regulation, an ALJ may find a claimant has fibromyalgia if he or she displays all three of the following criteria:

1.    A history of widespread pain;

2.    Repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3.    Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.

*Soc. Sec. Ruling, Ssr 12-2p; Titles II & Xvi: Evaluation of Fibromyalgia*, S.S.R. 12-2P (S.S.A. July 25, 2012) (footnotes omitted). Because Ms. Daniel did not provide the evidence identified in the third criterion, the Commissioner argues that the ALJ's failure to address her fibromyalgia was harmless. Doc. 10 at 20. This argument fails first because the Commissioner overlooks the permissive language of the regulation.

11

*See id.* ("[W]e *may* find that a person has an [medically-determinable impairment] of [fibromyalgia] if he or she has all three of the following criteria . . .") (emphasis added). The argument also fails because the court does not find the ALJ's complete omission of Ms. Daniel's fibromyalgia to be harmless for the reasons stated above. "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981) (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir.1979)).

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 27th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12